UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD ROBERT JOHNSON,

Plaintiff,

v.

DAVID CRIST, Warden, and
DR. CHRISTOPHER CEMAN,

Defendants.

Civil No. 00-309 (ADM/JMM)

ORDER

Plaintiff is a prisoner currently incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota. On February 9, 2000, he filed this civil rights action against Defendants under 42 U.S.C. § 1983, along with an Application to Proceed In Forma Pauperis [Docket Nos. 1 and 2]. On February 16, 2000, Plaintiff paid his initial partial filing fee in the amount of $35.00, leaving an unpaid balance of $115.00. This Court granted Plaintiff's Application on February 18, 2000, directed that a summons be issued, and Ordered the U.S. Marshal to effect service of process on Defendants [Docket No. 4]. As of this date, issuance of the summons and service of process have not occurred.

On February 28, 2000, Plaintiff filed the following nondispositive Motions: Motion for An Order of Temporary Restraining Order and to Show Cause Order Pursuant to Rule 65(b) [Docket No. 5]; Motion for Appointment of Counsel [Docket No. 7]; Motion for an Independent Physical Examination Pursuant to Rule 35 Federal Rule of Civil Procedure [Docket No. 8]; Motion for an Order of Joinder of Persons Needed for Just Adjudication [Docket No. 9] and a Request for Discovery [Docket No. 10].

Based upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for Appointment of Counsel [Docket No. 7] is denied;

FILED MAR 0 2 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

and

2. Plaintiff's Motions for An Order of Temporary Restraining Order and to Show Cause Order Pursuant to Rule 65(b) [Docket No. 5]; for an Independent Physical Examination Pursuant to Rule 35 Federal Rule of Civil Procedure [Docket No. 8]; for an Order of Joinder of Persons Needed for Just Adjudication [Docket No. 9] and Request for Discovery [Docket No. 10] are denied without prejudice.

Dated: March 1, 2000

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

## I. **Motion for Appointment of Counsel**

Plaintiff has submitted a Motion pursuant to 18 U.S.C. § 3006A(g) requesting that counsel be appointed to represent him in this civil rights action against Defendants. Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that at this early stage of the litigation, neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears that Plaintiff has the threshold ability to articulate his claims and to argue his positions. Moreover, the Court concludes that appointment of counsel would not substantially benefit the Court or Plaintiffs. Accordingly, Plaintiff's Motion for Appointment of Counsel [Docket No. 7] is denied.

## II. Additional Motions

The additional Motions filed by Plaintiff seeking a temporary restraining order, a medical examination, joinder of persons needed for just adjudication and responses to discovery requests [Docket Nos. 5, 8-10] are denied as premature. Service of process has yet to occur as to any Defendant. The Court does not presently have personal jurisdiction over any of the Defendants at this time. Accordingly, the Court is without the power to grant any of the relief Plaintiff seeks by his Motions.

Plaintiff's Motions are denied without prejudice, so that they can be renewed, if necessary and appropriate, after service of the summons and Complaint has been effected by the U.S. Marshal. Any such Motions must then be properly served on Defendants in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Minnesota.

J.M.M.