UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD ROBERT JOHNSON, CIVIL NO. 00-309 (ADM/JMM)

Plaintiffs,

v. REPORT AND RECOMMENDATION

DAVID CRIST, Warden, and
CHRISTOPHER CEMAN, Dr.,

Defendants.

Plaintiff, an inmate at the Minnesota Correctional Facility in Stillwater, Minnesota, filed this action against Defendants on February 9, 2000 [Docket No. 1]. The matter is now before the Court upon Plaintiff's Motion for a Temporary Restraining Order [Docket No. 12]; Affidavits for an Order of Default [Docket Nos. 21 and 25]; and Motion to Strike the Answer of Defendant Crist and any Pleading by Defendant Ceman [Docket No. 24]. Also before the Court are the separately filed Motions of Defendants Christopher Ceman and David Crist seeking Leave to File an Untimely Answer [Docket Nos. 31 and 34].

Upon the following Findings of Fact/Report, it is recommended that:

1. Plaintiff's Motion for a Temporary Restraining Order [Docket No. 12]; "Affidavits for an Order of Default" [Docket Nos. 21 and 25] and Motion to Strike Defendant Crist's Answer [Docket No. 24] be denied.

2. Defendants' Motions for Leave to File an Untimely Answer [Docket Nos. 31 and 34] be granted.

FILED APR 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

## FINDINGS OF FACT/REPORT

Plaintiff filed this civil rights action on February 9, 2000, alleging that Defendants have neglected to adequately care for his injured left knee [Docket No. 1]. Also on February 9, 2000, Plaintiff filed an Application to proceed In Forma Pauperis ("IFP") [Docket No. 2]. IFP status was granted on February 18, 2000, and the United States Marshal was directed to serve the Summons and Complaint upon Defendants [Docket No. 4].

Prior to service by the Marshal, Plaintiff filed a Motion seeking a Temporary Restraining Order [Docket No. 5].[1] On March 2, 2000, this Court denied Plaintiff's Motion for a Temporary Restraining Order without prejudice to Plaintiff's right to re-file it after service of process was accomplished [Docket No. 11].

On March 8, 2000, Defendants were served with a copy of the Summons and Complaint [Docket No. 17]. Plaintiff re-filed his Motion for a Temporary Restraining Order on March 21, 2000, [Docket No. 12].[2] On April 4, 2000, Plaintiff filed an "Affidavit for an Order of Default" [Docket No. 21]. On April 7, 2000, Defendant Crist filed an Answer to the Complaint [Docket No. 22]. Defendant Ceman filed his Answer on April 14, 2000 [Docket No. 23]. Also on that date, Plaintiff filed a Motion to Strike Defendant Crist's

---

1

In addition, Plaintiff filed Motions seeking Appointment of Counsel [Docket No. 7]; an Independent Physical Examination and Diagnostic [Docket No. 8]; an Order of Joinder of Persons Needed for Just Adjudication [Docket No. 9]; and responses to discovery requests [Docket No. 10]. These Motions were denied without prejudice on March 2, 2000.

2

Plaintiff also re-filed his Motions for Independent Physical Examination and Diagnostic [Docket No. 14]; for an Order of Joinder of Persons Needed for Just Adjudication [Docket No. 15]; and Request for Discovery [Docket No. 16]. These Motions will be addressed in a separate Order of this Court.

Answer, and to strike any Pleading by Defendant Ceman [Docket No. 14]. In addition, Plaintiff filed a second "Affidavit for an Order of Default" [Docket No. 25].

On April 20, 2000, Defendant Ceman filed a Motion seeking "Leave to File an Untimely Answer and/or Seek an Extension of the Deadline to Serve and File an Answer Under Rule 6(b) of the Federal Rules of Civil Procedure," along with a Memorandum in Opposition to Plaintiff's Motion to Strike and Motion for Default [Docket Nos. 30 and 31]. On April 21, 2000, Defendant Crist filed a Motion for Leave to File an Untimely Answer [Docket No. 34].

## I. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff requests that the Court "grant a hearing to show cause by the defendants as to why a Temporary Restraining Order should not be granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure." Plaintiff seeks to enjoin Defendants from committing the following acts:

> retaliation such as being forced to choose to work with restriction or work without restriction or being medical idle (being locked in a cell for 23 hours a day), or being forced to quit a industry job without just compensation of loss wages of $1.50 per hour for 70 hours per pay period, be free from intimidation by Health Service staff or by Dr. Christopher Ceman, and being impede access to courts by intentionally delaying mailing the outgoing mail to the courts or intentionally delaying delivering of the in-coming mail from the courts and to have the defendants informed the court of any new treatment of the Plaintiff's knee before any new treatment may commence.

Motion for Temporary Restraining Order, at 2-3.

Plaintiff specifically alleges that he was seen by Dr. Ceman on February 22, 2000. Affidavit in Support of Temporary Restraining Order, ¶3. Despite the

fact that he is suffering from a knee injury, Plaintiff alleges that Dr. Ceman forced him to choose between: (1) performing a prison job with a "medical restriction of no lifting or standing;" (2) being placed on "medical idle" status, which apparently entails confinement in a prison cell for 23 hours per day; or (3) working without restriction at his own risk. Plaintiff alleges that Dr. Ceman forced him to make this choice after learning that Plaintiff had filed a lawsuit against him. Plaintiff claims that he made the decision to work without a medical restriction, but that this decision was made "under duress." Id. at ¶8.

We conclude that Plaintiff's Motion for a Temporary Restraining Order should be denied as prayed for because it is insufficiently specific to meet the requirements of Rule 65(d) of the Federal Rules of Civil Procedure. Rule 65(d) provides:

> "Every order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in its terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

Fed. R. Civ. P. 65(d). This rule "is designed to prevent uncertainty and confusion on the part of those to whom the injunction is directed, to avoid the possible founding of contempt citations on an order that is too vague to be understood, and to ascertain that the appellate court knows precisely what it is reviewing." Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd., 824 F.2d 665, 669 (8th Cir. 1987) (citations omitted).

Plaintiff's request for injunctive relief should be denied pursuant to the provisions of Rule 65(d). The relief which Plaintiff seeks is not framed in specific terms, and it does not reference the specific act or acts to be prohibited. Daniels v. Woodbury

County, Iowa, 742 F.2d 1128, 1134 (8th Cir. 1984) ("[A]n injunction which does little or nothing more than order the defendants to obey the law is not specific enough.") (citing Meyer v. Brown & Root Const. Co., 661 F.2d 369, 373 (5th Cir. 1981) ("A general injunction which in essence orders a defendant to obey the law is not permitted.")).

Plaintiff's pleadings do not enable the Court to perform the analysis required by Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109 (8th Cir. 1981). There has been no showing of urgency, or that there is an immediate and "substantial threat that the plaintiff will suffer irreparable harm if relief is not granted." See Tenant Affairs Bd. v. Pierce, 693 F.2d 797, 798 (8th Cir.1982) (finding that "plaintiffs' complaint and supporting affidavits fail to establish immediate irreparable injury if preliminary relief is not granted and, therefore, plaintiffs' request for a preliminary injunction should be denied."). It appears that the prison policy at MCF-Stillwater allows Plaintiff to make choices as to whether or not he wishes to work while he serves his sentence. It also appears that Respondents have attempted to reduce any likelihood that Plaintiff will injure his knee if he does choose to work. The Court cannot discern how the choices presented to Plaintiff by Dr. Ceman constitute retaliation of any type, nor can it conclude that Plaintiff will suffer any irreparable harm if an injunction is not granted. Because the Court cannot ascertain from the pleadings a manner in which it could fashion an Order which would simultaneously meet the requirements of Rule 65(d) and the asserted needs of Plaintiff, the Motion for a Temporary Restraining Order should be denied. See also Medical Graphics Corp. v. Sensormedics Corp., 872 F. Supp. 643, 651 (D. Minn. 1994).

The Motion for a Temporary Restraining Order should be denied for a third reason. The Local Rules of this Court require that a proposed Order be submitted with

each motion. See Local Rule 7.1(b). Plaintiff did not submit a proposed Order with his Motion for a Temporary Restraining Order. Plaintiff's pleadings do not enable the Court to fashion an appropriate injunction, were Plaintiff to have satisfied the burden of establishing a right to an injunction.

## II. MOTIONS FOR DEFAULT AND TO STRIKE DEFENDANTS' PLEADINGS

Plaintiff's "Affidavits for an Order of Default" [Docket Nos. 21 and 25] request the "Clerk of Court and the Court to enter a Judgment of Default against the Defendants David Crist, Warden, and Dr. Christopher Ceman, pursuant to Rule 55 of the Federal Rules of Civil Procedure, Rule 55(a) and sub. (b)(1)." Plaintiff's separately filed Motion requests that the Court: strike the Answer by Defendant Crist; Strike any pleading by Defendant Ceman; and enter an order of default against Defendants for their failure to Answer the Complaint in a timely manner [Docket No. 24]. Because the request for Default Judgment and the Motion to Strike seek substantially the same relief, we consider them together. See Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994) ("Although differently denominated, the pending Motions [for default and to strike answer of defendant] present a single issue for the Court's determination").[3] We recommend that Plaintiff's Motions be denied.

The process for entry of default judgment is set forth in Rule 55 of the Federal Rules of Civil Procedure. It begins with the entry of a default by the Clerk of Court,

---

[3] Plaintiff makes no claim that Defendant's Answer contains an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" as required under Rule12(f).

pursuant to the provisions of Rule 55 (a), which provide that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a). A default judgment is obtained by the parties pursuant to the provisions of Rule 55(b). Once the clerk enters default, a party may obtain a default judgment only pursuant to the provisions of Rule 55(b).

Plaintiff argues that Defendants were served with the Summons and Complaint on March 8, 2000, and that each Defendant failed to file a timely Answer pursuant to Rule 12(a)(1) of the Federal Rules of Civil Procedure. Plaintiff is correct. In this case, Defendants' were required to file their Answers no later than March 28, 2000. Defendant Crist filed an Answer on April 7, 2000 [Docket No. 22]; and Defendant Ceman's Answer was filed on April 14, 2000 [Docket No. 23].

Under these facts, it is possible that the Clerk of Court, if requested, could have entered a default under Rule 55(a), but this would not warrant the Order of a default judgment. "'[E]ntry of judgment by default is a drastic remedy which should be used only in extreme situations.'" American States Insurance Corp. v. Technical Surfacing, Inc., 178 F.R.D. 518, 521 (D. Minn. 1998 (citations omitted). Therefore, if a defendant "'appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits.'" Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994) (citing Lee v. Lutheran Brotherhood of Maintenance of Way Employees, 139 F.R.D. 376, 381 (D. Minn. 1991)).

Entry of judgment by default is "only appropriate where there has been a clear record of delay or contumacious conduct." Wendt, 154 F.R.D. at 230 (citations omitted). The Court of Appeals for the Eighth Circuit has indicated that a "marginal failure to comply with the time requirements" for answering a complaint does not rise to the level of contumacious conduct. United States on Behalf of and for the Use of Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir.1993). Rather, the decisions of the Eighth Circuit "reflect that modest periods of delay, which have not appreciably prejudiced the plaintiffs, have consistently been treated as 'marginal failures.'" American States Insurance Corp. v. Technical Surfacing, Inc., 178 F.R.D. 518, 521 (D. Minn. 1998) (citing In re Jones Truck Lines, Inc., 63 F.3d 685, 687 (8th Cir.1995) (five-week delay) Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir.1993) (twenty-two day delay); Battle v. Prudential Ins. Co. of America, 973 F. Supp. 861, 863 (D. Minn. 1997) (delay of three weeks); Wendt v. Pratt, 154 F.R.D. 229, 231 (D. Minn. 1994) (delay of fourteen days)).

In this case, Defendants did not respond to Plaintiff's Complaint within the time period established by the Rules of Civil Procedure. However, Plaintiff has not substantiated that he has suffered any prejudice as a result of the untimely filings. Additionally, the fact that Defendants have filed Answers to the Complaint and pleadings in response to Plaintiff's Motions indicates a desire to defend against the claims in the Complaint. Finally, there has been no showing that Defendants' failure to answer in a timely manner was intentional, nor is there any other evidence of contumacious conduct on the part of Defendants. Dr. Ceman states that his failure to file a timely Answer:

> "was due to misunderstanding and miscommunication between prison officials and your affiant. The delay was not intentional

> or willful. It did not involve contumacious conduct. It was not done out of disrespect to the plaintiff, the Court or the Federal rules or statutes."

Affidavit of Christopher Ceman, M.D. ¶11.

Under these circumstances, Plaintiff's Motions for Default Judgment [Docket Nos. 21 and 25] and to Strike Defendant Crist's Answer [Docket No. 24] should be denied.

## III. MOTIONS TO FILE UNTIMELY ANSWER

Defendants Christopher Ceman and David Crist have each moved the Court for an Order granting "leave to file an untimely Answer" pursuant to Rule 6(b) of the Federal rules of Civil Procedure [Docket Nos. 31 and 34]. Based upon the conclusions reached above, Defendants' Motions should be granted.

## RECOMMENDATION

For the reasons set forth above, it is recommended that:

1. Plaintiff's Motion for a Temporary Restraining Order [Docket No. 12] Affidavits for an Order of Default [Docket Nos. 21 and 25]; and Motion to Strike the Answer of Defendant Crist [Docket No. 24] be denied; and

2. Defendants' Motions for Leave to File an Untimely Answer [Docket Nos. 31 and 34] be granted.

Dated: April 25, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **May 12, 2000** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.