UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD ROBERT JOHNSON, CIVIL NO. 00-309 (ADM/JMM)

Plaintiff,

v. ORDER

DAVID CRIST, Warden, and
CHRISTOPHER CEMAN, Dr.,

Defendants.

Plaintiff filed this action against Defendants on February 9, 2000, along with an Application to Proceed In Forma Pauperis ("IFP") [Docket Nos. 1 and 2]. This Court granted Plaintiff's IFP Application on February 18, 2000, and directed the United States Marshal to effect service upon Defendants [Docket No. 4]. On March 21, 2000, Plaintiff filed Motions for Independent Physical Examination and Diagnostic [Docket No. 14] and for an Order of Joinder of Persons Needed for Just Adjudication [Docket No. 15].[1]

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motions for an Independent Medical Examination [Docket No. 14] and for an order of Joinder of Persons Needed for Just Adjudication [Docket No. 15] are denied.

Dated: April 25, 2000

JOHN M. MASON
United States Magistrate Judge

FILED APR 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

1 Plaintiff has also filed a Motion for a Temporary Restraining Order [Docket No. 12]; Affidavits for an Order of Default [Docket Nos. 21 and 25]; and a Motion to Strike the Answer of Defendant Crist [Docket No. 24]. These Motions are addressed in a separate Report and Recommendation to the District Court.

MEMORANDUM

## I. MOTION FOR INDEPENDENT PHYSICAL EXAMINATION

Plaintiff moves the Court for an Order "granting independent physical examination by a independent orthopedic specialist, and computerized tomography (Ct-Scan) or magnetic resonance imaging (MRI-Scan), pursuant to Rule 35 of the Federal Rules of Civil Procedure." He alleges that the Motion is made in good faith, is necessary and warranted, and that a medical examination will establish the extent of the injuries to his left knee.

Plaintiff is not entitled to relief under Rule 35. That Rule provides that,

> "When the mental or physical condition (including the blood group) of a party or a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

Fed. R. Civ. P. 35(a). In this case, Plaintiff is not attempting to compel the medical examination of any adverse party. He is rather seeking to invoke Rule 35 as a means to obtain an examination by a physician outside the institution in which he is confined. Rule 35 is inapplicable in such a situation. See Tarlton v. United States, 430 F.2d 1351, 1352 (5th Cir. 1970) (federal prisoner's motion for medical examination denied; motion "was based on Rule 35, F.R. Civ. P. which authorizes a party to an action to require another party to submit to a physical or mental examination, and as such, is clearly inapposite because no related civil action is pending").

## II. MOTION FOR AN ORDER OF JOINDER

Plaintiff seeks an Order of this Court "granting joinder of persons needed for just adjudication; pursuant to the provisions provided for by Federal Rules of Civil Procedure, Rule 19." Plaintiff specifically seeks an Order under Rule 19(a)(1), "granting that Darin Haugland (as Physical Therapist, contracted through Correctional Medical Services, C.M.S.), be added and made party to the above indicated case." It appears that the relief Plaintiff seeks by his Motion for Joinder may be the amendment of his Complaint. The procedure by which this may be accomplished is set forth in Rule 15 of the Federal Rules of Civil Procedure and the Local Rules of this Court.

As to the Motion under Rule 19, the Court notes as follows. Plaintiff states that Mr. Haugland treated his injured left knee since December, 1999. Mr. Haugland desires to treat Plaintiff's knee injury with physical therapy, and will not recommend that Plaintiff be referred to an outside independent orthopedic specialist. Plaintiff concludes that Mr. Haugland "is acting in concert and participation in his official and individual capacities as Physical Therapist, in lack of any physical therapy such as treating injury knee by mechanical means, as heat, light, exercise, and massage, and delaying any attempt to have plaintiff to be sent to a Orthopedic Specialist."

For the following reasons, Plaintiff's Request for Joinder under Rule 19(a) is denied.

Rule 19 of the Federal Rules of Civil Procedure reads in part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded

among those already parties . . .

Fed. R. Civ. P. 19(a)(1). The purpose of joinder under Rule 19(a) is to further the policies of "avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them." Charles A. Wright, Arthur R. Miller and Mary K. Kane, Federal Practice and Procedure: Civil 2d § 1604 (1986).

When making a determination regarding joinder under Rule 19(a), "the court must base its decision on the pleadings as they appear at the time of the proposed joinder . . ." Id. The burden is upon the party moving for joinder to establish that "the absent party is necessary under Rule 19(a)(1) or (a)(2)." M.C. By and Through Mrs. C. v. Volumtown Bd. of Educ., 178 F.R.D. 367, 370 (D.Conn.1998) (citations omitted). A moving party may not satisfy its burden based upon conclusory allegations that joinder under Rule 19(a) is appropriate. See Trans Ocean Container Corp. v. Intercargo Insurance Co., No. C 95-2187 FMS, 1995 WL 870958, at *2 (N.D.Cal. Dec.20, 1995) (defendant's conclusory statement that "'any determination of the rights and obligations of the named parties to the Bond would be hollow and incomplete,'" failed "to satisfy any of the requirements of Rule 19(a)").

Plaintiff has not attempted to establish that any of the concerns regarding joinder under Rule 19(a) are present here. Nor has Plaintiff satisfied his burden of showing that Mr. Haugland is a necessary party under Rule 19 based upon his conclusory allegation that complete relief cannot be accorded in his absence. Plaintiff's Motion for an Order of Joinder of Persons Needed for Just Adjudication [Docket No. 15] is denied.

J.M.M.