UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD ROBERT JOHNSON,

Plaintiff,

v.

DAVID CRIST, WARDEN and;
DR. CHRISTOPHER CEMAN,

Defendants.

CIVIL NO. 00-309 (ADM/JMM)

ORDER

The above matter is before the undersigned upon Plaintiff's Motion to Remove United States Magistrate, John M. Mason for Bias, Pursuant to 28 U.S.C. §144.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED

1. Plaintiff's Motion to Remove United States Magistrate, John M. Mason for Bias, Pursuant to 28 U.S.C. §144 is denied as moot based upon the following Court order.

2. Pursuant to the provisions of 28 U.S.C. § 455(a), the undersigned hereby recuses himself in this matter. By separate notice, the parties will be advised by the Clerk of Court as to the new Magistrate Judge on this matter.

Dated: September 19, 2000

JOHN M. MASON
United States Magistrate Judge

FILED SEP 19 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

## MEMORANDUM

### I. Plaintiff's Motion to Remove Pursuant to 28 U.S.C. §144.

Removal of a judge under 28 U.S.C. §144 requires the moving party to show through affidavit that the judge has a "personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. §144. The facts set forth in Plaintiff's affidavit, taken as true, are not legally sufficient to show actual bias or prejudice against him or in favor of Defendants.

Plaintiff does not allege bias that derives from an extrajudicial source. To be legally sufficient under §144, an affidavit must allege bias or prejudice that "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Faul, 748 F.2d 1204, 1211 (8th Cir. 1984) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (holding that extrajudicial bias did not exist where a judge had professional contact with two murdered U.S. Marshalls who were victims in the murder charge.) Plaintiff's assertion of bias is not based on an extrajudicial source, but stems from an order granted in favor of the adverse party. Specifically, Plaintiff asserts in his affidavit that Magistrate Judge John M. Mason issued determinations "as a result of [his] personal interests and bias that are purposefully contrary to Judicial Ethics...by not giving plaintiff time to file a objection to the defendant's motion [to Modify the Pretrial/Scheduling Order]." (See Supplemental Affidavit of Richard Robert Johnson, To Remove United States Magistrate, John M. Mason for Bias). The Judge's granting of a motion in favor of Defendants is not sufficient evidence of bias. In Faul, criminal defendants cited a judge's rulings against them as evidence of bias. See Faul, 748 F.2d at 1211. The Eighth Circuit stated that a judge's rulings against

the party moving for disqualification failed to establish the required "extrajudicial" bias. See Faul, 748 F.2d at 1211. Plaintiff's affidavit is merely a conclusory allegation of bias or prejudice without facts establishing that bias. See Faul, 748 F.2d at 1211 (conclusory allegations cannot be substituted for specific facts that demonstrate bias). Due to the absence of evidence indicating bias set forth in Plaintiff's Affidavit, this Court finds no legally sufficient grounds for removal pursuant to 28 U.S.C. §144. Plaintiff's Motion is denied.

**II. Recusal Pursuant to 28 U.S.C. §455(a)**

Although no actual bias or prejudice has been shown by the Plaintiff, the undersigned hereby recuses himself in this matter pursuant to the provisions of 28 U.S.C. § 455(a), recognizing the importance of perceived, as well as actual, impartiality. Under 28 U.S.C. §455(a) a Magistrate Judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). Actual bias or prejudice need not be shown. See United States v. Tucker, 78 F.3d 1313, 1324 (8th Cir. 1996) (quoting Gray v. University of Ark., 883 F.2d 1394, 1398 (8th Cir. 1989). In Tucker, a request for reassignment was granted without any evidence indicating bias by the judge. The Eighth Circuit stated: "request for reassignment is granted, not because we believe Judge Woods would not handle the case in a fair and impartial manner (we have every confidence that he would), but only because we believe this step is necessary in order to preserve the appearance as well as the reality of impartial justice." Tucker, 78 F.3d at 1325. The Tucker Court noted that many other judges were available to hear the case and neither judicial nor party resources were wasted as a result of reassignment. See Id.

J.M.M.

Pursuant to a recusal by the Magistrate on this case, the case has now been reassigned to Magistrate Judge Susan R. Nelson.

NEW CASE NUMBER 00-309 ADM/SRN

Use this case number for all further filings.