**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Richard Robert Johnson,

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-309 ADM/SRN

David Crist and
Christopher Ceman, M.D.,

Defendants.

---

Richard Robert Johnson, Minnesota Correctional Facility - Stillwater, Bayport, Minnesota, Plaintiff, pro se.

Kari Jo Ferguson, Assistant Minnesota Attorney General, St. Paul, Minnesota, attorney for Defendant David Crist.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Plaintiff Richard Robert Johnson's ("Johnson") objections [Doc. No. 88] to United States Magistrate Judge Susan Richard Nelson's January 17, 2001 Report and Recommendation ("R&R") [Doc. No. 86]. Johnson, a prisoner incarcerated in the Minnesota Correctional Facility ("MCF") at Bayport, Minnesota, seeks relief under 42 U.S.C. § 1983, claiming that Defendants have violated his federal constitutional rights. Judge Nelson recommends that this Court grant Defendant David Crist's motion for summary judgment. For the reasons set forth below, the Court adopts Judge Nelson's R&R in its entirety.

MAR 0 7 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

## II. BACKGROUND

In this § 1983 action, Johnson alleges that Christopher Ceman, M.D. ("Dr. Ceman")[1], a medical doctor, and David Crist ("Crist"), warden at MCF, violated his Eighth Amendment rights by deliberately disregarding his medical needs regarding a knee injury he suffered several years ago while incarcerated at another facility. [Doc. No. 86].[2] Johnson alleges that Dr. Ceman deliberately disregarded his medical needs when Dr. Ceman repeatedly refused to authorize knee surgery for Johnson. Johnson also alleges that Crist knew he was not receiving adequate medical care and failed to adequately train or supervise subordinates. The R&R sets forth additional factual background and the Court incorporates those facts by reference for the purposes of Johnson's present objections.

## III. DISCUSSION

### A. Review of R&R

A district court must make an independent, de novo review of those portions of an R&R to which a petitioner objects, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.1(c)(2).

### B. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be awarded if there exists no genuine issue as to any material fact and the moving party is

---

[1]Correctional Medical Services, Inc. ("CMS"), a private company, employs Dr. Ceman. The Minnesota Department of Corrections retained CMS to provide medical care to inmates at MCF [Doc. No. 86].

[2]Johnson was released from prison in the late 1980s, but returned in 1991 after being convicted of first degree murder. He was transferred to MCF in 1995.

entitled to judgment as a matter of law. In a Rule 56 motion, the moving party "bears the initial burden of proving that summary judgment is appropriate." *Hanson v. FDIC*, 13 F.3d 1247, 1253 (8th Cir. 1994) (citations omitted). Once the movant meets the burden, the nonmovant must expressly set forth "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). While the evidence is viewed "in the light most favorable to the nonmoving party," *Dush v. Appleton Elec. Co.*, 124 F.3d 957, 962-63 (8th Cir. 1997) (citations omitted), the non-movant cannot rely upon conclusory allegations and unsupported assertions to meet his burden. *Dunavant v. Moore*, 907 F.2d 77, 80 (8th Cir. 1990).

**C. Section 1983 & the Eighth Amendment**

Crist moves for summary judgment on the § 1983 claim, arguing that Johnson avers no facts that, if true, show that he violated Johnson's Eighth Amendment rights. Section 1983 creates a cause of action where any person who, acting under color of state law, infringes rights granted by the Constitution and laws of the United States. 42 U.S.C. § 1983. Johnson invokes the Eighth Amendment of the Constitution, which forbids "cruel and unusual punishment."

A prison official who deliberately disregards a prisoner's "serious medical needs" may cause a prisoner to suffer "cruel and unusual punishment," in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). However,

> [T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge. As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment.

*Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted). Further, a prison official cannot be held vicariously liable under § 1983 for unconstitutional acts or inaction of subordinates. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Rather, for liability to attach, the supervisory official must be personally involved in the prisoner's medical care or fail in his direct responsibility to properly train and supervise a subordinate. *Id.*; *see Askew v. Millerd*, 191 F.3d 953, 958-959 (8th Cir. 1999).

Therefore, to establish an Eighth Amendment violation in this context, Johnson must show that he suffers a specific "objectively serious medical need," that is, one that is obviously serious and involves "an excessive risk to the inmate's health," or one for which medical evidence supports its seriousness. *See Dulany*, 132 F.3d at 1239; *see also Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995). Johnson must also establish that Crist knew about the serious medical need and deliberately disregarded it. *See Dulany*, 132 F.3d at 1239. Johnson offers no evidence showing that he has an objectively serious medical need. Though Johnson apparently suffers pain from his knee injury, absent a showing that he suffers from a serious medical condition, he can maintain no Eighth Amendment claim against Crist. Moreover, even if Johnson has proven that he suffers from a serious medical ailment, he fails to show that Crist knew Johnson's needs were serious and then disregarded those needs. Johnson merely alleges that he once told Crist about a pending "case review" with Dr. Ceman. [Doc. No. 86]. Johnson makes no allegations that he told Crist anything about the nature or severity of the knee problems at that time.

In addition, Johnson makes no allegation that Crist interfered with his treatment in any way. He offers no evidence about how Crist failed to adequately train or supervise subordinates.

Absent facts showing that Crist was personally involved in Johnson's medical care or failed to adequately train or supervise subordinates, Johnson has not shown an Eighth Amendment violation and thus cannot maintain a § 1983 claim against Crist. This court adopts Judge Nelson's recommendation and grants Crist's motion for summary judgment.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Dr. Christopher Ceman's Motion for Statutory Dismissal [Doc. No. 54] is **DENIED**[3];
2. Defendant David Crist's Motion for Summary Judgment [Doc. No. 57] is **GRANTED**.

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: March 7, 2001

[3]No objections have been filed to Judge Nelson's R&R on this motion.