**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Richard Robert Johnson,

Plaintiff,

v.

David Crist, Warden, and
Dr. Christopher Ceman,

Defendants.

Civil No. 00-309 (ADM/SRN)

**ORDER**

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 107.) That application will be DENIED, for the reasons discussed below.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In the instant case, it is not necessary to decide whether Plaintiff is financially eligible for IFP status, because the Court finds his appeal to be frivolous.

FILED MAY 0 7 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff is attempting to appeal this Court's order of March 7, 2001, (Docket No. 93), granting Defendant David Crist's motion for summary judgment. By the same order, the Court declined to dismiss Plaintiff's claims against Crist's co-defendant, Dr. Christopher Ceman. Because Plaintiff's claims against Defendant Ceman are still pending, no judgment has been entered in this case.

As a general rule, only final judgments are appealable. 28 U.S.C. § 1291. The purpose of the "final judgment rule" is to avoid piecemeal appeals. 19 James Wm. Moore et al., Moore's Federal Practice, ¶ 202.03[1] (3d ed. 1999) . While interlocutory appeals can be take under certain special circumstances, (id. at ¶ 202.05[1]; 28 U.S.C. § 1292), none of those circumstance are present here.

Thus, Plaintiff can appeal the order granting Defendant Crist's summary judgment motion only if the Court were to enter a final judgment based on that order. See United States ex rel. Shakopee Mdewakanton Sioux Community v. Pan American Management Co., 789 F.2d 632, 636 (8th Cir. 1986) (appeal dismissed for lack of jurisdiction where district court did not direct entry of judgment after granting partial summary judgment). According to Fed. R. Civ. P. 54(b), a district court may enter a final judgment "as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." The Court has found no basis for making such a determination here.

In short, no final judgment has been entered in this case yet, so Plaintiff's appeal cannot go forward at this time. Because Plaintiff can show no arguable basis in fact or law for taking an appeal at this stage of this case, the Court finds his present appeal to be frivolous, and not taken in good faith. Plaintiff's application for leave to proceed IFP on appeal will therefore be denied.

Because Plaintiff is a prisoner, he became liable for the full amount of the filing fee for his appeal -- namely $105 -- upon the filing of his Notice of Appeal. Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) ("the [Prison Litigation Reform Act] 'makes prisoners responsible for their filing fees the moment the prisoner... files an appeal'"), quoting In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). So far, Plaintiff has paid only $45 toward his filing fee, (Docket No. 106), so he still owes $60 to the Clerk of Court. Plaintiff will be required to pay that amount through the installment payment process prescribed by 28 U.S.C. § 1915(b)(2).[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 107), is DENIED; and

2. Plaintiff shall be required to pay the unpaid balance of the filing fee for his appeal, which is currently $60, in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Dated: May 7, 2001

ANN D. MONTGOMERY
United States District Court Judge

---

[1] 28 U.S.C. § 1915(b)(2) provides that:

"(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."