**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RICHARD ROBERT JOHNSON,

Plaintiff,

v.

DAVID CRIST, Warden, and
Dr. CHRISTOPHER CEMAN,

Defendants.

---

Civil No. 00-309 (ADM/SRN)

**MEMORANDUM AND ORDER**

This matter has come before the Court for review of Plaintiff's self-styled submission entitled "Affidavit Of Richard Robert Johnson, To Remove United States District Court Judge Ann D. Montgomery For Bias, Pursuant To 28 U.S.C. § 144, And Under 28 U.S.C. § 455(a) To Recuses [sic] Herself In This Matter." (Docket No. 112.) For the reasons discussed below, Plaintiff's request for recusal will be DENIED.

28 U.S.C. § 144 provides that "whenever a party ... files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias against him or in favor of any adverse party, such judge shall proceed no further...." (Emphasis added.) 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might be reasonably questioned." The Eighth Circuit Court of Appeals has summarized the legal principles governing recusal motions brought under §§ 144 and 455(a) as follows:

> "'In this circuit, whether disqualification is required in a particular case is committed to the sound discretion of the district judge, and we review only for an abuse of discretion.' In re Kansas Pub. Employees Retirement Sys., 85 F.3d 1353, 1358 (8th Cir.1996) (In re KPERS ). 'This is so because '[t]he judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." Id. (quoting In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir.1988), cert denied, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d

FILED JUN 0 7 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> 1012 (1989)). 'Accordingly, we presume [the district judge] is impartial, and [the movant] bears 'the substantial burden of proving otherwise." Id. (quoting Pope v. Federal Express Corp., 974 F.2d 982, 985 (8th Cir.1992)).
>
> Moreover, we must keep in mind that in Liteky v. United States, 510 U.S. 540, 55O, 114 S.Ct. 1147, 1155, 127 L.Ed.2d 474 (1994), the Supreme Court made clear that '[n]ot all unfavorable disposition towards an individual (or his case) is properly described by th[e] terms' bias or prejudice. Rather, '[t]he words connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess ..., or because it is excessive in degree....' Id. Thus, bias can be shown if a judge's remarks or opinions 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.' Id. at 555, 114 S.Ct. at 1157. However, 'judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.' Id. Also '[n]ot establishing bias or partiality ... are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.' Id. at 555-56, 114 S.Ct. at 1157....
>
> 'Under § 455(a), we consider whether the judge's impartiality might reasonably be questioned by the average person on the street who knew all the relevant facts of a case.' In re KPERS, 85 F.3d at 1358."

Bannister v. Delo, 100 F.3d 610, 613-14 (8th Cir. 1996), cert. denied, 521 U.S. 1126 (1997).

Applying the foregoing principles here, the Court finds that Plaintiff has failed to meet his "substantial burden" of proving such bias or prejudice as would warrant recusal.

Plaintiff initially contends that recusal is required because the undersigned District Judge, while previously serving as a state court judge, "made a ruling in plaintiff's state criminal case." This argument fails because it shows no bias or prejudice of any kind. There is no suggestion that the alleged ruling in Plaintiff's state court case reflected any antagonism or unfairness. In fact,

Plaintiff's affidavit does not even indicate that the ruling in question was unfavorable to him.[1]

Plaintiff secondly argues that recusal is necessary because the undersigned District Judge previously denied his petition for a writ of habeas corpus. This argument also fails because there is no suggestion that the Court acted improperly in the prior habeas case. Plaintiff is not entitled to a new judge simply because this Judge has not always granted him the relief he has requested.

Plaintiff also contends that recusal is necessary because the undersigned District Judge has "failed to grant or deny a[n] Objection that [is] still in front of the Court." This argument is clearly unavailing. Plaintiff has not identified the "Objection" to which he is alluding, and, more significantly, he has failed to explain how the Court's alleged failure to rule on a matter (one way or the other) could constitute proof of the Court's bias or prejudice against Plaintiff.

Next, Plaintiff argues that the undersigned District Judge must be biased and prejudiced because he was denied IFP status on an interlocutory appeal that he attempted to pursue in this case. Plaintiff's IFP application was denied, not because his substantive claims for relief were found to be frivolous, but only because his attempt to pursue an interlocutory appeal was obviously futile. The Court remains fully satisfied that the ruling on Plaintiff's IFP application was correct; but even if the Court erred, that alone would not prove bias or prejudice.

It is further alleged that the undersigned District Judge has "failed to realize that plaintiff has been issued Subpoena's [sic] and Subpoena's [sic] has [sic] been served and documents obtained." This argument is both incomprehensible and ineffectual, as Plaintiff has not identified the subpoenas to which he is referring, nor has he explained how such subpoenas could provide any proof of bias

---

[1] Moreover, the Court's consideration of Plaintiff's present case could not be affected by any events that may have occurred in Plaintiff's state criminal case, because the Court has no independent recollection of the prior case.

or prejudice.

Finally, Plaintiff argues that the undersigned District Judge "has in the past been removed from hearing prisoners law suits." The Court has no understanding of what case Plaintiff might be referring to but would affirmatively remove herself in any case where there has been a showing of bias or prejudice. Because Plaintiff has not made such a showing here, recusal is not warranted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Plaintiff's request for recusal, (Docket No. 112), is DENIED.

Dated: June 7, 2001

ANN D. MONTGOMERY
United States District Court Judge