**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Richard Robert Johnson,

Plaintiff,

**ORDER**
Civil No. 00-309 ADM/SRN

v.

David Crist, Warden, et. al.,

Defendants.

---

## INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Richard Robert Johnson's ("Johnson") Appeal[1] [Doc. No. 121] from the June 21, 2001 Order of Magistrate Judge Susan Richard Nelson [Doc. No. 117]. In the Order, Judge Nelson denied Johnson's Motion for Reconsideration of Plaintiff's Motion for an Order of Joinder. For the reasons set forth below, the Appeal is denied and Judge Nelson's Order is affirmed.

## DISCUSSION

In ruling on an appeal from a non-dispositive matter decided by a magistrate judge, a district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72 .1(b)(2). This standard of review is extremely deferential. *See Reko v. Creative Promotions, Inc.*, 70 F.Supp.2d 1005, 1007 (D. Minn. 1999); *Banbury v. Omnitron Int'l., Inc.*, 818 F.Supp. 276, 279 (D. Minn.

---

[1] Although Johnson's submission is styled as an "Objection to Magistrate Order Denying Plaintiff's Motion to Reconsideration [sic] on Motion for an Order of Joinder," it will be treated as an appeal because it arises from a non-dispositive matter decided by a magistrate judge.

FILED OCT 1 6 2001
RICHARD D SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r. of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Although a "motion to reconsider" is not provided for by name in the Federal Rules of Civil Procedure, it is generally considered the functional equivalent of a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). *See DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999); *U.S. West Financial Services, Inc. v. Buhler, Inc.*, 150 F.3d 929, 935 (8th Cir. 1998); *Sanders v. Clemco Industries*, 862 F.2d 161 (8th Cir. 1988). Under Local Rule 7.1(g),[2] before a party may be allowed to pursue a motion to reconsider it must demonstrate that "compelling circumstances" exist. Johnson has presented no newly discovered facts or controlling cases to create the requisite "compelling circumstances." Johnson has failed to demonstrate the requirements for joinder under Rule 19(a). He cannot establish that Darin Haugland is a necessary party simply by asserting that complete relief cannot be accorded in Haugland's absence. *See* Fed. R. Civ. P. 19(a)(1). Judge Nelson's denial of his motion for reconsideration was not clearly erroneous.

---

[2] The Local Rule for a Motion to Reconsider, D. Minn LR 7.1(g), states: "Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances. Requests to make such a motion, and responses to such requests, shall be made by letter to the Court of no more than two pages in length, a copy of which must be sent to opposing counsel."

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Judge Nelson's Order of June 21, 2001 [Doc. No. 117] is **AFFIRMED**;

(2) Johnson's Appeal [Doc. No. 121] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2001