**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**RICHARD ROBERT JOHNSON,**

**Plaintiff,**

**v.**

**DAVID CRIST, Warden, and**
**DR. CHRISTOPHER CEMAN,**

**Defendants.**

**Civil No. 00-309 (ADM/SRN)**

**O R D E R**

---

Richard Robert Johnson, Minnesota Correctional Facility -- Stillwater, 970 Pickett Street North, Bayport, MN 55003-1490, Plaintiff, pro se.

Matthew J. Hanzel, Geraghty, O'Loughlin & Kenney, 1400 Ecolab University Center, 386 North Wabasha Street, St. Paul, MN 55102-1308, for Defendant Dr. Christopher Ceman.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

Before the Court are several motions by Plaintiff Robert Johnson in connection with his action under 42 U.S.C. § 1983. The matter has been referred to the undersigned under 28 U.S.C. § 636 and Local Rule 72.1(c).

**A. Plaintiff's Motion to Strike Ex Parte Letter from Defendant Dr. Christopher Ceman's Attorney and for Monetary Sanctions (Doc. No. 84)**

Plaintiff moved, pursuant to Fed. R. Civ. P. 11(c) and 12(f), to strike an ex parte letter from Defendant Ceman's attorney, Matthew Hanzel,

OCT 3 1 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

requesting an extension of a deadline for filing motions, and for monetary sanctions in the amount of $ 500.00 against Mr. Hanzel for "intentionally delaying the start of the jury trial and discovery request pending." See Plaintiff's Memorandum in Support, p. 2.

Although unspecified in his motion, the Court presumes that the letter which is the subject of Plaintiff Johnson's motion is one dated December 15, 2000, a copy of which is attached to this Order. This letter was sent to the undersigned, via facsimile, from Matthew Hanzel, Esq., counsel for Defendant Ceman. The letter was not submitted for filing, as it was deemed purely administrative. Moreover, the letter was not an ex parte communication in light of the fact that copies were sent to both Plaintiff Richard Johnson and Kari Jo Ferguson, Esq.

Mr. Hanzel's letter simply alerts the Court to the fact that a re-assignment of Magistrate Judges had occurred following Magistrate Judge Mason's recusal, that Defendant Ceman had a pending motion for statutory dismissal, and that the dispositive motion deadline was approaching. In an effort to protect his client's interests in the event that Defendant Ceman's motion for statutory dismissal was denied, (which ultimately did occur), Mr. Hanzel appropriately requested the Court to issue a new pretrial scheduling order allowing him to file a motion for summary judgment. The Court received no response from Mr. Johnson to Mr. Hanzel's request. Hence, on January 17,

2001, the Court issued a Second Amended Order, setting March 15, 2001, as the dispositive motion deadline. See Doc. No. 87. Thereafter, on March 13, 2001, Defendant Ceman timely filed his motion for summary judgment. See Doc. No. 95.

Contrary to Plaintiff Johnson's contentions, there is nothing unethical or inappropriate with the manner in which Mr. Hanzel brought to the Court's attention scheduling issues connected to the re-assignment of Magistrate Judges in this matter. While it is true that Mr. Hanzel did not formally move to amend the pretrial schedule, it is permissible, and even encouraged, for parties to address administrative issues in a letter for the Court's consideration, as long as all parties are served with copies of any such communication. This practice allows purely administrative matters to be handled efficiently and inexpensively, and permits the case to move smoothly toward ultimate resolution. Accordingly, Plaintiff's motion to strike Mr. Hanzel's December 15, 2000, letter, and for monetary sanctions is denied.

### B. Plaintiff's Motions for an Order of Joinder, of Persons Needed for Just Adjudication (Doc. Nos. 118, 127 and 133)

Plaintiff Johnson has moved, pursuant to Fed. R. Civ. P. 19(a), for an order granting joinder of three individuals as Defendants in this matter, to wit: 1) Dr. Dean Lee, Chief Medical Doctor for Correctional Medical Service, Inc; 2) Maureen Connor, Health Service Administrator for Minnesota Correctional Facility - Stillwater; and 3) Dr. A. Ayedun (Doc. Nos. 118, 127 and 133,

respectively). Plaintiff Johnson asserts, in general, that in the absence of each of these individuals, complete relief cannot be accorded among those already parties.

Specifically, with respect to his motion for joinder of Dr. Lee, Plaintiff argues that Dr. Dean Lee should be joined as a Defendant in this lawsuit because Dr. Lee, as the Chief Medical Doctor/Regional Medical Director for Correctional Medical Service, Inc. in the State of Minnesota, in partnership with the Department of Corrections for the State of Minnesota, allegedly informed Plaintiff that if Plaintiff were not working, Dr. Lee would send Plaintiff for surgery on his left knee, but because Plaintiff is working, Correctional Medical Services, Inc. will not approve the surgery.

With respect to his motion for joinder of Maureen Connor, Plaintiff Johnson contends that Maureen Connor, "Acting in Concert and Participation in her Official and Individual Capacities as Administrator of Health Service that provided medical care to incarcerated prisoners, by the inadequacy of medical attention, physical therapy, delaying any attempt to send plaintiff to outside Orthopedic Specialist, by not getting directly involved in plaintiff's medical needs."

Finally, with respect to his motion for joinder of Dr. A. Ayedun, Plaintiff Johnson asserts that Dr. A. Ayedun is the current doctor at MCF-Stillwater, "one of the latest of numberless doctors in the past six months

employed by Correctional Medical Service, Inc. to provide medical care to inmate[s] at MCF-Stillwater", who allegedly: 1) only reluctantly renewed Plaintiff's tier restriction; 2) refused to honor Plaintiff's requests for blood testing to determine the type of arthritis Plaintiff has to ensure proper treatment with non-steroidal anti-inflammatory medications; and 3) refused to prescribe medication for relief of Plaintiff's chronic knee pain. No responses were filed to any of these motions for joinder.

For the following reasons, Plaintiff's motions for joinder under Rule 19(a) (Doc. Nos. 118, 127 and 133) are denied.

Rule 19 of the Federal Rules of Civil Procedure states, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties . . .

Fed. R. Civ. P. 19(a)(1). The purpose of joinder under Rule 19(a) is to further the policies of "avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them." Charles A. Wright, Arthur R. Miller and Mary K. Kane, Federal Practice and Procedure: Civil 3d § 1604 (2001), citing § 1602 of same treatise.

When considering motions for joinder under Rule 19(a), "the court

must base its decision on the pleadings as they appear at the time of the proposed joinder . . ." Id. The burden is upon the party moving for joinder to establish that "the absent party is necessary under Rule 19(a)(1) or (a)(2)." M.C. By and Through Mrs. C. v. Volumtown Bd. of Educ. 178 F.R.D. 367, 370 (D.Conn. 1998)(citations omitted). A moving party may not satisfy its burden based on conclusory allegations that joinder is appropriate. See Trans Ocean Container Corp. v. Intercargo Insurance Co., No. C 95-2187 FMS, 1995 WL 870958, at *2 (N.D. Cal. Dec. 20, 1995)(defendant's conclusory statement that "any determination of the rights and obligations of the named parties to the Bond would be hollow and incomplete," failed "to satisfy any of the requirements of Rule 19(a)").

Plaintiff Johnson has failed to establish that any of the concerns regarding joinder under Rule 19(a) are present here. Nor has he satisfied his burden of showing that Dr. Dean Lee, Maureen Connor and/or Dr. A. Ayedun are necessary parties under Rule 19, based on his conclusory allegations that complete relief cannot be accorded in their absence. Moreover, this Court has recommended that Defendant Dr. Christopher Ceman's motion for summary judgment be granted, and that Plaintiff's Eighth Amendment claims against Dr. Ceman be dismissed with prejudice. See Report and Recommendation dated October 25, 2001. In so recommending, the Court found that Plaintiff had cited no evidence that would allow a jury to conclude that Plaintiff has any

objectively serious medical needs, or that Defendant Ceman deliberately disregarded any such needs.

Plaintiff's failure to establish, by medical evidence, that he suffers from a serious medical need – his threshold burden in an Eighth Amendment denial of medical care claim -- renders fruitless the joinder of additional Defendants who were involved in the medical treatment of Plaintiff's left knee condition. Plaintiff's motions for an Order of Joinder of Persons Needed for Just Adjudication (Doc. Nos. 118, 127 and 133) are denied.

### C. Plaintiff's Motion to Strike/Objection to Darin Haugland's Response to Plaintiff's Motion for an Order of Joinder of Persons Needed for Just Adjudication (Doc. No. 100)

Plaintiff has moved to strike Darin Haugland's response to Plaintiff's motion for an order of joinder of persons needed for just adjudication on the basis that Mr. Haugland's response was filed two days late.

The Court notes that, in an Order dated April 25, 2000, Magistrate Judge Mason denied Plaintiff Johnson's motion for joinder of Darin Haugland. See Doc. No. 38. The Court presumes that, in his analysis of Plaintiff Johnson's motion, Magistrate Judge Mason considered Mr. Haugland's opposition to the Plaintiff's motion for joinder (Doc. No. 20). The time to appeal Magistrate Judge Mason's April 25, 2000, Order addressing Plaintiff's Rule 19 motion for joinder of Darin Haugland closed ten days after the parties received the Order. See Local Rule 72.1(b)(2). Mr. Johnson did not appeal Magistrate

Judge Mason's April 25, 2000, Order denying Johnson's motion for joinder of Darin Haugland.

If Mr. Johnson was concerned about the timeliness of Mr. Haugland's response, he should have brought that issue to Magistrate Judge Mason's attention after Mr. Haugland filed his response on March 22, 2000. Plaintiff presents no explanation for the seeming untimeliness of his motion to strike, and the Court finds no basis to strike Mr. Haugland's response to Plaintiff's motion for an order of joinder of persons needed for just adjudication. The motion to strike is therefore denied.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion to Strike Ex Parte Letter from Defendant Dr. Christopher Ceman's Attorney and for Monetary Sanctions (Doc. No. 84) is **DENIED**;

2) Plaintiff's Motion for Joinder of Persons Needed for Just Adjudication (Doc. No.118) is **DENIED**;

3) Plaintiff's Motion for Joinder of Persons Needed for Just Adjudication (Doc. No. 127) is **DENIED**;

4) Plaintiff's Motion for Joinder of Persons Needed for Just Adjudication (Doc. No. 133) is **DENIED**; and

5) Plaintiff's Motion to Strike/Objection to Darin Haugland's Response to Plaintiff's Motion for an Order of Joinder of Persons Needed for Just Adjudication (Doc. No. 100) is **DENIED**.

Dated: October 31, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

GERAGHTY O'LOUGHLIN & KENNEY
PROFESSIONAL ASSOCIATION
386 NORTH WABASHA STREET
SUITE 1400
SAINT PAUL, MINNESOTA 55102-1308
(651) 291-1177 • FAX (651) 291-9477
EMAIL:main@goklawfirm.com
(Writer's e-mail hanzel@goklawfirm.com)

ATTORNEYS AT LAW
TERENCE J. O'LOUGHLIN*
ROBERT M. MAHONEY*
DAVID C HUTCHINSON*
WILLIAM H. LEARY III*
MARY H. ALCORN
MATTHEW J. HANZEL*
ANN D. BRAY
JEAN B. HOPPE
CAROLYN J. NEARING**

*LICENSED IN WISCONSIN
**LICENSED IN PENNSYLVANIA

CAROLYN HILL
PARALEGAL
CYNTHIA SLACK
PARALEGAL
JAMES H GERAGHTY
1921-1999
JAMES W. KENNEY
RETIRED

December 15, 2000

Magistrate Judge Susan R. Nelson
United States District Court - Third Division
316 North Robert Street
St. Paul, MN 55101

**Re: Richard Robert Johnson v. David Crist, Warden, and Dr. Christopher Ceman
Civil No. 00-309 (ADM/SRN)**

Dear Magistrate Judge Nelson:

This letter is respectfully submitted in connection with the above-referenced matter.

I represent defendant Dr. Ceman in this lawsuit. The action was commenced on May 8, 2000. The case was assigned to Magistrate Judge Mason. Defendants brought dispositive motions in June of 2000. Dr. Ceman's motion for dismissal was based upon Minnesota's expert disclosure statute, Minn. Stat. § 145.682. Dr. Ceman did not move for dismissal on any other grounds. As of August 30, 2000, defendant's motion had not yet been decided. To protect his right to bring an additional dispositive motion on alternative grounds in the event that the first motion was denied, Dr. Ceman moved to extend the dispositive motion deadline to December 1. Defendant Dr. Ceman simultaneously requested that the trial date be set for February 1, 2001. Those extensions were granted in an Order dated September 6, 2000.

Magistrate Mason recused himself in an Order dated September 19, 2000. The Order stated that "by separate notice, the parties will be advised by the Clerk of Court as to the new Magistrate Judge on this matter."

I contacted the Clerk of Court on December 12 to inquire about the status of the reassignment since I had not received notice from the Court's office about a reassignment. I was advised that the matter had been reassigned to Your Honor. That reassignment raises some scheduling issues about which I would like to inquire. Specifically, I am wondering if it would be possible for the Court to issue a new scheduling order extending the

dispositive motion deadline and the trial date. A new dispositive motion deadline would allow Dr. Ceman an opportunity to bring an additional summary judgment motion, if one were needed. A new trial date would allow the Court adequate time to consider the pending motions well before a trial date.

The Court's guidance on these issues would be most appreciated. If a formal motion is necessary, I would be happy to put together those papers and serve and file them in the near future.

Respectfully submitted,

GERAGHTY, O'LOUGHLIN & KENNEY

Matthew J. Hanzel

MJH/mrw
cc: Richard Robert Johnson
Kari Jo Ferguson, Esq.

# GERAGHTY, O'LOUGHLIN & KENNEY

Professional Association
1400 Ecolab University Center
386 North Wabasha Street
St. Paul, MN 55102-1308
Telephone: (651) 291-1177
FAX: (651) 291-9477


January 8, 2001

## COVER SHEET - FACSIMILE TRANSMISSION

Please deliver the following page(s) to:

NAME: Magistrate Judge Susan R. Nelson

FAX NO. 651-848-1202

FROM: Matthew J. Hanzel, Esq.

RE: Johnson v. Ceman, et al./Civil No. 00-309 (ADM/SRN)

TOTAL NUMBER OF PAGES: 3, INCLUDING COVER SHEET.

HARD COPY WAS ALREADY SENT BY MAIL

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL MICHELLE AS SOON AS POSSIBLE AT (651) 291-1177

COMMENTS:

* * * * * * * * * * *

The information contained in this facsimile message may be privileged and confidential. It is intended only for the use of the individual or entity to whom it is sent. If the recipient of this transmittal is not the intended recipient, or an employee or agent responsible to deliver it to the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service.