**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RICHARD ROBERT JOHNSON,

Plaintiff-Appellant,

v.

DAVID CRIST, Warden, and
DR. CHRISTOPHER CEMAN,

Defendant-Respondents.

Civil No. 00-309 (ADM/SRN)

**ORDER**

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 144.) For the reasons discussed below, the Court concludes that (a) pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff should be required to pay an initial partial filing fee in the amount of $56.78, and (b) Plaintiff's IFP application should be denied.

Plaintiff is a prisoner of the State of Minnesota who is attempting to appeal an order denying his motion for joinder of additional parties in the action he has brought under 42 U.S.C. § 1983. Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); see also Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even

FILED JAN 07 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). Henderson, 129 F.3d at 485. The remaining balance of the $105 filing fee is to be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied regardless of his financial circumstances if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); see also Henderson, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the issues to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In the instant case, the Court finds that Plaintiff is not wholly destitute, because his IFP application shows that he is employed in a prison industries program. Furthermore, the certified financial statement included in his IFP application shows that he has been able to make deposits to his prison trust account during the past six months, and, on average, he has been able to maintain a positive balance in that account. The average monthly deposit to his prison trust account during the past six months has been $283.92, which is greater than his average monthly balance of $49.19

during the same period. (See "Certificate" portion of Plaintiff's IFP application; [Docket No. 144].) Therefore, Plaintiff's initial partial filing fee will be twenty percent of the former amount, which is $56.78, ($283.92 x 20% = $56.78). That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and Henderson v. Norris. The remaining balance of the $105 filing fee will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

The Court further finds, however, that even though Plaintiff is financially eligible for IFP status, and even though he will be required to pay the appellate filing fee in the manner prescribed by § 1915(b), his IFP application still must be denied, because his appeal is not taken in good faith. The appeal is not taken in good faith, because it is based on a non-appealable order.

As a general rule, only final judgments are appealable. 28 U.S.C. § 1291.[1] To date, no final judgment has been entered in Plaintiff's case.[2] The order from which Plaintiff is presently attempting to appeal is simply a ruling on a joinder motion; it is not a final order or judgment, and it is therefore non-appealable. See Prop-Jets, Inc. v. Chandler, 575 F.2d 1322, 1325 (10th Cir. 1978) (joinder order held to be "interlocutory and non-appealable"); Liddell v. Board of Education of City of St. Louis, 693 F.2d 721, 723, n. 6 (8th Cir. 1981) (same). Because no final order or judgment has been entered in this case, Plaintiff's appeal is premature.

Thus, the Court concludes that Plaintiff has no arguable basis in fact or law for taking an

---

[1] The purpose of the "final judgment rule" is to avoid piecemeal appeals. 19 James Wm. Moore et al., Moore's Federal Practice, ¶ 202.03[1] (3d ed. 1999). While interlocutory appeals can be taken under certain special circumstances, (id. at ¶ 202.05[1]; 28 U.S.C. § 1292), none of those circumstances is present here.

[2] The Magistrate Judge to whom this case has been assigned has entered a Report and Recommendation, which recommends that Plaintiff's action be dismissed; but that recommendation has not yet been acted on by this Court.

appeal at this stage of this case, and that his present appeal is frivolous and not taken in good faith. Plaintiff's application for leave to proceed IFP on appeal will therefore be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

(1) Pursuant to 28 U.S.C. § 1915(b)(1) and Henderson v. Norris, 129 F.3d at 485, Plaintiff's initial partial filing fee for the appeal in this matter is calculated and assessed to be $56.78; and

(2) Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 144), is DENIED.

Dated: January 7, 2002

ANN D. MONTGOMERY
United States District Court Judge