**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Richard Robert Johnson,

Plaintiff,

v.

**ORDER**
Civil No. 00-309 ADM/SRN

David Crist, Warden, and
Dr. Christopher Ceman,

Defendants.

---

Richard Robert Johnson, Plaintiff, *pro se*.

Matthew J. Hanzel, Esq., Geraghty O'Loughlin & Kenney, St. Paul, MN, on behalf Defendant Dr. Christopher Ceman.

---

## INTRODUCTION

On February 9, 2000, Plaintiff Richard Robert Johnson ("Plaintiff") filed this action seeking relief for alleged violations of his federal constitutional rights [Doc. No. 1]. By Order dated March 7, 2001, Defendant David Crist's Motion for Summary Judgment was granted [Doc. No. 93]. This matter now is before the undersigned United States District Judge pursuant to Plaintiff's Objections [Doc. No. 139] to the October 25, 2001, Report and Recommendation ("R&R") of Magistrate Judge Susan Richard Nelson [Doc. No. 138]. In the R&R, Judge Nelson recommends that Defendant Dr. Christopher Ceman's Motion for Summary Judgment [Doc. No. 95] be granted. For the reasons set forth below, the R&R is adopted.

## BACKGROUND

The factual background for this matter is adequately set forth in the R&R and is

JAN 14 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JAN 14 20
DEPUTY CLERK

incorporated by reference for the purposes of Plaintiff's present objections.

## DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. LR 72.1(c)(2).

Plaintiff's Eighth Amendment claim that the prison doctor was deliberately indifferent to his medical needs as an inmate involves an objective and a subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff must demonstrate that (1) he suffered an objectively serious medical need and (2) the prison officials actually knew of but deliberately disregarded that need. *Id.* Plaintiff's treatment reaches the boundaries of a constitutional violation only if his needs are "serious" because "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Inmates have no constitutional right to receive a particular or requested course of treatment; prison doctors remain free to exercise their independent medical judgment. *Dulany*, 132 F.3d at 1239. Mere negligence or medical malpractice is insufficient to form a constitutional violation. *Id.* "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix,* 86 F.3d 761, 765 (8th Cir. 1996).

In the R&R, Judge Nelson correctly concluded that Plaintiff has failed to set forth evidence that would allow a jury to find that he has any objectively serious medical needs or that

Dr. Ceman deliberately disregarded any such needs. Although the record indicates that Plaintiff suffers pain as a result of the condition of his left knee, there is no evidence that he has objectively *serious* medical needs beyond the care that has been provided. Plaintiff's disagreement with Dr. Ceman's course of treatment is of no consequence. Plaintiff has not presented any evidence that his left knee condition creates an "excessive risk" to his health. Moreover, Plaintiff lacks evidence that Dr. Ceman deliberately disregarded Plaintiff's medical needs. The record demonstrates that Dr. Ceman provided various treatments to Plaintiff and gave him recommendations, such as work restrictions and weight loss. Plaintiff has failed to establish a genuine issue of material fact.

Plaintiff also objects to the R&R's conclusion, arguing that the R&R is premature because of an outstanding "Objection" to an Order granting defendant's motion to modify pretrial/scheduling order. *See* Pl.'s Mem. at 3. Plaintiff's argument does not affect the outcome of the summary judgment issue. The document to which Plaintiff refers, dated September 8, 2000, is labeled an "Objection" to the Order granting Dr. Ceman's motion to modify pretrial/scheduling order [Doc. No. 81]. When considering an appeal from a non-dispositive matter decided by a magistrate judge, a district court must affirm such an order by a magistrate judge unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72 .1(b)(2). This standard of review is extremely deferential. *See Reko v. Creative Promotions, Inc.*, 70 F.Supp.2d 1005, 1007 (D. Minn. 1999); *Banbury v. Omnitron Int'l., Inc.*, 818 F.Supp. 276, 279 (D. Minn. 1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r. of*

*Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Rule 16(b) of the Federal Rules of Civil Procedure provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard calls for a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b), Advisory Committee Notes, 1983 Amt. Plaintiff has failed to demonstrate that Magistrate Judge Mason's Order finding good cause for modification of the schedule was clearly erroneous or contrary to law. Plaintiff's other contentions have been considered and found lacking in merit.

**CONCLUSION**

Based upon the R&R of Judge Nelson, all of the files, records & proceedings herein, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) The R&R [Doc. No. 138] is **ADOPTED**;

(2) Defendant's Motion for Summary Judgment [Doc. No. 95] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

[signature]

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: 1/14/02

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.