**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RICHARD ROBERT JOHNSON,

Plaintiff-Appellant,

v.

DAVID CRIST, Warden, and
DR. CHRISTOPHER CEMAN,

Defendant-Respondents.

Civil No. 00-309 (ADM/SRN)

**ORDER**

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 155.) For the reasons discussed below, Plaintiff's IFP application will be GRANTED.

Plaintiff is a prisoner of the State of Minnesota who is attempting to appeal an order granting Defendant Christopher Ceman's motion for summary judgment. (See Order dated January 14, 2002; [Docket No. 146].) Plaintiff's claims against the only other named Defendant, David Crist, were previously dismissed by the Court's order of March 7, 2001. (Docket No. 93.) Therefore, the Court's order granting summary judgment in favor of Defendant Ceman must be viewed as a final -- i.e., appealable -- order.

Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); see also Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

FILED MAR 18 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). Henderson, 129 F.3d at 485. The remaining balance of the $105 filing fee is to be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied regardless of his financial circumstances if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); see also Henderson, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the issues to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In the instant case, the Court finds that Plaintiff is not wholly destitute, because his IFP application shows that he is employed in a prison industries program. Furthermore, the certified financial statement included in his IFP application shows that he has been able to make deposits to his prison trust account during the past four months, and, on average, he has been able to maintain

a positive balance in that account. The average monthly deposit to his prison trust account during the past four months has been $152.77, which is greater than his average monthly balance of $31.84 during the same period.[1] (See "Certificate" portion of Plaintiff's IFP application; [Docket No. 155].) Therefore, Plaintiff's initial partial filing fee will be twenty percent of the former amount, which is $30.55, ($152.77 x 20% = $30.55). That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and Henderson v. Norris.

Plaintiff tendered a fee payment of $43.00 with his current IFP application, (Docket No. 156), so he has already satisfied his initial partial filing fee obligation for his present appeal. The remaining balance of the $105 filing fee, (which is $62.00), will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

Although the Court remains fully satisfied that Plaintiff's action has been properly dismissed, the Court does not find his claims to be legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

(1) Pursuant to 28 U.S.C. § 1915(b)(1) and Henderson v. Norris, 129 F.3d at 485, Plaintiff's

---

[1] Although the applicable statute requires prisoner IFP applicants to provide financial information for the six-month period preceding the filing of an action or appeal, it appears that Plaintiff in this case made a good faith effort to comply with the IFP rules. Furthermore, it appears that Plaintiff may have had little control over the financial information provided with his IFP application. Such information presumably was supplied by prison officials at the institution where Plaintiff is confined, (as is required by § 1915(a)(2)), rather than by Plaintiff himself. Plaintiff's initial partial filing fee will therefore be determined on the basis of the limited financial information provided by his IFP application.

initial partial filing fee for his present appeal in this matter is calculated and assessed to be $30.55, the full amount of which has already been paid; and

(2) Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 155), is GRANTED.

Dated: March 18, 2002

ANN D. MONTGOMERY
United States District Court Judge